**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE (CWMBS 2007-8),<br><br>Plaintiff,<br><br>v.<br><br>EDITH FARINA, *et al.*,<br><br>Defendants. | Civil Action No. 26-3448 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Bank of New York Mellon's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, General Equity Part, Ocean County. (Mot. to Remand, ECF No. 3.) Defendants Emilio Farina ("Emilio") and Edith Farina (collectively, "Defendants") opposed (ECF Nos. 11, 14), and Plaintiff did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand.

## I. BACKGROUND

On December 17, 2018, Plaintiff commenced a mortgage foreclosure action against Defendants concerning a mortgage on a property located at 35 Mahlon Court, Toms River, New Jersey 08753. (*See generally* Compl., ECF No. 1-1.) On March 31, 2026, Emilio removed the action to this Court, invoking its federal question jurisdiction pursuant to 28 U.S.C. §§ 1343, 1441, 1443, and 1446. (Not. of Removal, ECF No. 1.) Plaintiff thereafter filed the instant Motion to

Remand (the "Motion") the action to state court. (Mot. to Remand, ECF No. 3.) In support of its Motion, Plaintiff argues that removal was improper because: (1) this Court lacks subject-matter jurisdiction over the action; and (2) Emilio's removal was not timely. (Pl.'s Moving Br. *2-5, ECF No. 4.)[1] Plaintiff also asks for the imposition of expenses and costs against Defendants pursuant to 28 U.S.C. § 1447(c).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject-matter jurisdiction or removal was otherwise improper. *See id.*; 28 U.S.C. § 1447(c).

For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)), or there must be complete diversity between the parties. *See* 28 U.S.C. § 1332. To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990),

---

[1] Page numbers preceded by an asterisk reflect the number atop the ECF header.

and the amount in controversy must exceed $75,000.00. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing 28 U.S.C. § 1332(a)). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears the district court lacks subject-matter jurisdiction." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

## III. <u>DISCUSSION</u>

Plaintiff argues that remand is warranted because: (1) Emilio's notice of removal was untimely; and (2) this Court lacks subject matter jurisdiction. (Pl.'s Moving Br. *2-5.) The Court addresses each argument in turn.

**A. Emilio's Removal Was Untimely**

A defendant may remove a case to federal court either "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," 28 U.S.C. § 1446(b)(1), or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Third Circuit has explained that the 30-day removal period is triggered when a "document informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *See McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (internal quotations and citation omitted). Federal jurisdiction based on federal question exists when an action "arises under" federal law—the Supreme Court has interpreted this principle to mean that a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 (1983) (citation omitted). Referred to as the "well-pleaded complaint rule," removal to federal court must be based on the face of the complaint. *Id.* at 22. Thus, in determining whether the removal period has been triggered, "the inquiry begins and ends with the four corners of the pleading." *McLaren*, 32 F.4th at 236.

Defendants argue that removal was timely because "[t]he attempted Void Final Judgment Order [in Defendants' Bankruptcy proceedings] dated March 27, 2026[,] constitutes an 'order' or 'other paper' within the meaning of 28 U.S.C. § 1446 (b)(3) and triggered [Defendants'] right to remove for the first time" making removal timely. (Not. of Removal. ¶¶ 16-18.) Based on the certification as to service on Emilio dated February 26, 2019, and the signed returned certified

mail receipt, there is no dispute that Defendants failed to remove the matter prior to thirty days after being properly served the initial Complaint in February 2019. (*See* Ex. A to Mot. to Remand ¶¶ 5-6 (explaining that Emilio was served via signed for and accepted certified mail), *7 (signed return receipt), ECF No. 3-2.) Contrary to Defendants' arguments, Defendants cannot use a bankruptcy proceeding and subsequent reinstatement of a state court's judgment to restart the thirty-day clock and remove the matter to this Court. *HSBC Bank USA, Nat'l Ass'n v. Shim*, No. 23-1245, 2023 WL 4543015 at *3 (D.N.J. June 20, 2023) (explaining that "a Bankruptcy Court order does not act to . . . extend the [thirty]-day time period for removal in Section 1446(b)(1), particularly when a defendant is in receipt of the state court pleadings and has been engaging in the litigation process in state court" (citation omitted)), *R. & R. adopted sub nom.*, *HSBC Bank, USA v. Shim*, 2023 WL 11830777 (D.N.J. Oct. 19, 2023); *see also KJY Inv., LLC v. 42nd & 10th Assocs., LLC*, No. 20-2834, 2020 WL 7488894 at *5 (D.N.J. Dec. 21, 2020) (holding that equitable and policy considerations do not support disregarding the removal deadline when a defendant "did not provide any explanation as to why it failed to remove the case prior to the bankruptcy stay" since "the purpose behind 18 U.S.C. § 1446(b) is to 'prevent a defendant from taking a 'wait-and-see' attitude towards removal, [and] to prevent delay and to avoid duplication of judicial resources'").

Emilio's removal to this Court was therefore untimely.

### B. Even if Removal was Timely, this Court Lacks Subject Matter Jurisdiction over the Action

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court

actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where removal is not premised on diversity of citizenship, federal-question jurisdiction is required. *Id.*

The presence of a court's federal-question jurisdiction is determined by the "well-pleaded complaint rule," "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citation omitted). "A defense that raises a federal question is inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted), as is a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original jurisdiction' over the civil action").

Here, Defendants have failed to establish that a federal question appears on the face of the Complaint filed in the state action. (*See generally* Compl.) The Complaint involves the assertion of exclusively state law claims. (*Id.*) Because the action does not involve the assertion of a claim that arises under the Constitution, laws, or treaties of the United States, this Court does not have original jurisdiction over the matter. *See Williams*, 482 U.S. at 392; 28 U.S.C. § 1331.

Because Defendants purport to remove this matter under the Civil Rights Removal Statute, 28 U.S.C. § 1443, the Court briefly addresses whether the requirements for removal under § 1443 have been met.

Section 1443 authorizes the removal of a state law action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. As the Third Circuit has explained, "Congress has crafted only a narrow exception to the [ordinary] rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

Defendants seek to invoke the first subsection of § 1443. For the first provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). Defendants contend that they are being "deprived of protections under Title VI, Civil Rights Act of 1964 and procedural due process rights, in the course of ongoing state enforcement activity." (Not. of Removal ¶ 10.) Here, however, Defendants cannot meet either requirement. First, general reference to a federal statutory scheme as well as broad contentions under the United States Constitution cannot support a valid claim for removal under § 1443. *See, e.g.*, *City of Philadelphia v. Women's Health, Inc.*, 53 F. App'x 198, 198-99 (3d Cir. 2002) (affirming district court's remand of action to state court where appellants invoked Section 1443(1) and asserted that they were "being subjected to continuous and continuing violations of their Procedural Due Process, Equal Protection Clause and Immunities as provided for by the 14th Amendment of the United States Constitution giving rise to violation of [d]efendants' civil rights under 42 U.S.C. § 1983"); *Bayview Loan Servicing, LLC v. Farzan*, No. 26-611, 2026 WL 2150700, at *5 (D.N.J. July 27, 2026) (explaining that "[d]efendant's lone and conclusory assertion that he was 'denied' his civil rights, broadly pled without any reference to provisions implicating racial equality, do not provide a proper basis for removal of the state foreclosure action under section 1443(1)").

Second, there is nothing to show that New Jersey's courts are incapable of protecting Defendants' rights. *See e.g.*, *Brown v. Moore*, 366 F. App'x 327, 329 (3d Cir. 2010) (rejecting propriety of removal that was based on unsubstantiated allegations that presiding state court judge was biased and noting that defendant "alleged nothing that cannot be redressed if appropriate with the state court system itself"); *Jordan v. New Jersey*, No. 18-12013, 2019 WL 5541406, at *3 (D.N.J. Oct. 25, 2019) (explaining that for removal to be proper under Section 1443 a defendant must "be *unable* to enforce such federal rights 'in the courts of the state'" (emphasis in original) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)); *Waterfall Victoria Mortg. Tr. 2010-SBCI REO LLC v. Albanes*, No. 16-4751, 2017 WL 916443, at *2 n.3 (D.N.J. Mar. 8, 2017) (remanding case where defendants stated that plaintiff "violated the Civil Rights Act of 1866, [but] [] d[id] not provide any facts indicating that [d]efendants faced racial inequality during their eviction proceedings or that they could not vindicate any deprivation of civil rights in the state court proceeding"); *ARA Invs., LLC v. Luft*, No. 19-9195, 2019 WL 6337892, at *3 (D.N.J. Nov. 27, 2019) (holding that defendants cannot show that their "federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court" because they "do not allege that any provision of state statutory or constitutional law expressly prohibits them from enforcing their federally protected rights in state court . . . [and] have not demonstrated that a state court will inevitably deny [] [them] their federal civil rights by the mere act of adjudicating an ejectment action against them" (citation omitted)).

The Court therefore does not have jurisdiction pursuant to Section 1443.

### C. Attorneys' Fees

Plaintiff also requests expenses and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that: "[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award is within the court's discretion and may be made whether or not the removal was in bad faith." *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 471 (D.N.J. 2012). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, where no objectively reasonable basis exists, fees should be awarded." *Id.*

Here, the Court finds that an award of costs and fees is not appropriate. Although Defendants' removal of the action reflects a misunderstanding of the standard for removal under 28 U.S.C. § 1443(1) and the scope of 18 U.S.C. § 1446(b), given the fact that Defendants proceed pro se, the Court does not find that removal was not objectively reasonable and therefore denies Plaintiff's request for fees and costs.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion is granted in part and denied in part. The Court will issue an Order consistent with this Memorandum Opinion.

MA Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 10th, 2026